UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL ANTHONY HALL,

    Petitioner,

v.

HEIDI WASHINGTON ET AL.,

    Respondents.
_____/

Case 16-cv-11812

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
DAVID R. GRAND

**OPINION AND ORDER DENYING PETITION FOR WRIT OF
HABEAS CORPUS [1] AND GRANTING CERTIFICATE OF APPEALABILITY**

## I.    Introduction

On May 21, 2016, state parolee Paul Anthony Hall ("Petitioner") applied for the writ of habeas corpus under 28 U.S.C. § 2254. Dkt. No. 1. Petitioner committed criminal sexual conduct as a teenager. Years later, he was convicted of second-degree fleeing and eluding a police officer. Pursuant to Michigan Compiled Laws § 28.723(1)(e), Hall's sentence for the latter offense required that he register as a sex offender, given his juvenile conviction for criminal sexual conduct. In requesting habeas relief, Hall argues his forced registration as a sex offender is cruel and unusual punishment. *See* Dkt. No. 1, p. 2 (Pg. ID 2).

1

The State maintains, and the Court agrees, that the state courts' rejection of Petitioner's claim was not contrary to, or an unreasonable application of, Supreme Court precedent. Accordingly, the Court will DENY the habeas petition [1].

## II.     Background

In 1987, when Hall was fifteen years old, he committed third-degree criminal sexual conduct. Decades later, in 2012, while on parole from three felony drug convictions, Petitioner fled from two Michigan state troopers during a traffic stop. On July 22, 2013, Petitioner pleaded guilty in Oakland County Circuit Court to second-degree fleeing and eluding a police officer. *See* MICH. COMP. LAWS § 750.479a(4). There was no plea agreement, but the trial court agreed to sentence Hall within the sentencing guidelines, as calculated at the time of his sentencing.[1] 7/22/13 Plea Tr., pp. 7, 13 (Dkt. No. 5-4, Pg. ID 114, 120).

Before sentencing, Petitioner moved to withdraw his guilty plea. Hall contended that at the time of his plea neither the prosecutor, nor defense counsel knew of his prior adjudication for criminal sexual conduct or that he would have to register as a sex offender. The trial court denied Hall's motion after concluding he

---

[1] Pursuant to *People v. Cobbs*, 443 Mich. 276, 505 N.W.2d 208, 212 (1993),

> A judge may participate in sentence discussions. At the request of a party, and not on the judge's own initiative, a judge may state on the record the length of sentence that, on the basis of the information then available to the judge, appears to be appropriate for the charged offense.

2

had not established a basis for setting aside the plea. 10/2/13 Mot. Hr'g, pp. 3–4 (Dkt. No. 5-5, Pg. ID 128–29).

On October 8, 2013, the trial court sentenced Hall as a habitual offender to imprisonment for nineteen months to ten years, and ordered him to comply with sex-offender registration requirements. 10/8/13 Sentencing Tr., pp. 6–7 (Dkt. No. 5-6, Pg. ID 137–38); 10/8/13 Judgment of Sentence, p. 1 (Dkt. No. 5-8, Pg. ID 189).

Petitioner subsequently moved to correct the sentence. He asked the trial court to strike from his judgment of sentence and pre-sentence report any reference to the sex-offender registry. He claimed the registration requirement constituted cruel and unusual punishment because it was mandatory and did not consider specific characteristics. Hall noted he was a juvenile when he committed the criminal sexual conduct offense, and maintained that he had been rehabilitated. Petitioner also asked the trial court to correct his pre-sentence report to show that he had only one juvenile delinquency adjudication for criminal sexual conduct. 6/4/14 Mot. Hr'g, pp. 3–11 (Dkt. No. 5-7, Pg. ID 143–51).

The trial court granted in part and denied in part Petitioner's motion. The court agreed to correct the pre-sentence report to show that Hall had only one juvenile disposition for criminal sexual conduct. But the court declined to remove the sex-offender registration requirement from the pre-sentence report and judgment of sentence. The court reasoned the sex-offender registration requirement was not

3

cruel and unusual punishment, particularly in light of Hall's five or six convictions after the juvenile adjudication. *Id*. at pp. 13–16, Pg. ID 153–56; *People v. Hall*, No. 13-244395-FH (Oakland Cty. Cir. Ct. June 4, 2014).

On appeal, Hall argued that forcing him to register as a sex offender after a conviction for second-degree fleeing and eluding a police officer was cruel and unusual punishment under the state and federal constitutions. The Michigan Court of Appeals denied him leave to appeal, and later denied his motion for reconsideration. *People v. Hall*, No. 322400 (Mich. Ct. App. Aug. 26, 2014). Hall presented the same claim to the Michigan Supreme Court, which also denied leave to appeal. *See People v. Hall*, 497 Mich. 983, 861 N.W.2d 39 (2015).

On May 21, 2016, Petitioner filed his habeas corpus petition through counsel. He argues here—as in the state courts—that requiring him to register as a sex offender constitutes cruel and unusual punishment under the state and federal constitutions. He asks the Court to strike the reference to the sex-offender registry from his judgment of sentence and pre-sentence report, and to order the State to remove his name from the sex-offender registry.

### III. Standard of Review

Pursuant to 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the Court can grant a state

4

prisoner's application for the writ of habeas corpus only if the state court's adjudication of the prisoner's claims on the merits:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1) and (2).

"[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997), and 'demands that state-court decisions be given the benefit of the doubt,' *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (*per curiam*)." *Renico v. Lett*, 559 U.S. 766, 773 (2010).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). To obtain a writ of habeas corpus from a federal court, a state prisoner must show that the state court's ruling

5

on his or her claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 103.

## IV. Analysis

As noted above, Petitioner was adjudicated a juvenile delinquent for a sex offense in 1987. At the time, there was no sex-offender registry in Michigan, and since then, he has not been convicted of criminal sexual conduct. Yet under the "recapture" provision of Michigan's Sex Offender Registration Act ("SORA"), MICH. COMP. LAWS § 28.721, *et seq.*, Hall must register as a sex offender given his felony conviction for fleeing and eluding. *See* MICH. COMP. LAWS § 28.723(1)(e) (requiring an individual who works or resides . . . in Michigan to register as a sex offender if he or she was "previously convicted of a listed offense for which he or she was not required to register under [SORA], but who is convicted of any other felony after July 1, 2011").

Hall maintains this requirement is cruel and unusual punishment under the state and federal constitutions as applied to him because registration is mandatory, not tied to an individual assessment of risk, and requires that he report in person any changes in employment or residence for the rest of his life.

Hall's contention regarding the Michigan Constitution lacks merit because "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*,

6

497 U.S. 764, 780 (1990) (citing *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Rose v. Hodges*, 423 U.S. 19, 21–22 (1975) (per curiam)). Indeed, "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) (citations omitted).

The only question here, then, is whether requiring Hall to register as a sex offender violates the Constitution. The Court finds that it does not.

The Eighth Amendment is "applicable to the States through the Fourteenth Amendment," *Glossip v. Gross*, 135 S. Ct. 2726, 2737 (2015), and prohibits "cruel and unusual punishments." U.S. CONST. amend. VIII. SORA might be cruel. It has been described as "[a] regulatory regime that severely restricts where people can live, work, and 'loiter,' . . . categorizes them into tiers ostensibly corresponding to present dangerousness without any individualized assessment thereof, and . . . requires time-consuming and cumbersome in-person reporting . . . ." *Does #1-5 v. Snyder*, 834 F.3d 696, 705 (6th Cir. 2016), *cert. denied*, 138 S. Ct. 55 (2017). But SORA is "an ostensibly civil and regulatory law." *Id*. at 700. Therefore, to prevail on his Eighth Amendment claim, Hall must "show 'by the clearest proof' that 'what has been denominated a civil remedy' is, in fact, 'a criminal penalty.' " *Id*. (quoting *Smith v. Doe*, 538 U.S. 84, 92 (2003)).

7

A two-part test governs whether SORA is civil or criminal in nature. First, a court must ask "[d]id the legislature intend to impose punishment?" *Id.* And if not, a court will next examine whether the law is " 'so punitive either in purpose or effect as to negate the State's intention to deem it civil.' " *Id.* (some internal quotation marks omitted) (quoting *Smith*, 538 U.S. at 92).

A. Intent

The Michigan legislature enacted SORA "to better assist law enforcement officers and the people of this state in preventing and protecting against the commission of future criminal sexual acts by convicted sex offenders." MICH. COMP. LAWS § 28.721a. The Michigan state legislature did not intend for SORA to be punitive. *See Does #1-5*, 834 F.3d at 700. The Sixth Circuit explained why SORA's intent is not punitive, reasoning that:

> And while Plaintiffs do point to some features that might suggest a punitive aim—*e.g.,* SORA is triggered solely by criminal offenses and the registration requirement is recorded on the judgment; registration is handled by criminal justice agencies like the police; SORA imposes criminal sanctions; and it is codified in Chapter 28 of the Michigan Code, a chapter that deals with police-related laws—these are similar enough to the arguments rejected in *Smith* that we see no warrant for concluding that SORA's intent is punitive.

*Id.* at 700–01. This Court then, as directed by the Sixth Circuit, will find the Michigan state legislature did not intend for SORA to be punitive.

8

B. Effect

The next issue is whether SORA is punitive in purpose or in effect as to negate the state legislature's intent to deem it "civil." *Smith*, 538 U.S. at 92. In this analysis, the relevant considerations are:

> (1) Does the law inflict what has been regarded in our history and traditions as punishment?
> (2) Does it impose an affirmative disability or restraint?
> (3) Does it promote the traditional aims of punishment?
> (4) Does it have a rational connection to a non-punitive purpose?
> (5) Is it excessive with respect to this purpose?

*Does #1-5*, 834 F.3d at 701 (quoting *Smith*, 538 U.S. at 97).

Here, SORA "meets the general definition of punishment"; "put[s] significant restraints on how registrants may live their lives"; and "advances all the traditional aims of punishment: incapacitation, retribution, and specific and general deterrence." *Id*. at 703–04. Indeed, there is "scant support for the proposition that SORA in fact accomplishes its professed goals," and "[t]he punitive effects of [its] restrictions far exceed even a generous assessment of their salutary effects." *Id*. at 704–05. Therefore, at least according to Sixth Circuit precedent, SORA's actual effect is punitive. *Id*. at 705.

A finding by the Sixth Circuit that SORA's actual effect is punitive, however, is insufficient to warrant habeas relief; only such a determination by the Supreme Court would enable Hall to secure the relief he seeks. And the Supreme Court has not decided—by implication or otherwise—that SORA is punitive. In *Smith*, for

9

example, the Supreme Court instructed that Alaska's Sex Offender Registration Act, which "share[s] some core provisions" with SORA is nonpunitive. *Smith*, 538 U.S. at 105. Additionally, the Supreme Court has stated that, even though "[s]evere, mandatory penalties may be cruel, . . . they are not unusual in the constitutional sense, having been employed in various forms throughout our Nation's history." *Harmelin v. Michigan*, 501 U.S. 957, 994–95 (1991).

*Does #1-5* is also not on point. That civil rights case only addressed whether the retroactive application of certain SORA amendments constituted an ex post facto punishment in contravention of the Constitution. The Sixth Circuit did not decide whether SORA's registration and reporting requirements run afoul of the Eighth Amendment.

Finally, Hall's claim lacks merit, even if one were to read *Does #1-5* as holding that SORA's "recapture" provision, and its registration and reporting requirements, are cruel and unusual punishment as applied to him. "[C]ircuit precedent does not constitute 'clearly established Federal law, as determined by the Supreme Court.'" *Parker v. Matthews*, 567 U.S. 37, 48–49 (2012) (per curiam) (quoting 28 U.S.C. § 2254(d)(1)). Circuit precedent, therefore, cannot form the basis for habeas relief under AEDPA. *Id.*

Circuit court rulings also cannot "refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that [the Supreme] Court has

not announced." *Marshall v. Rodgers*, 569 U.S. 58, 64 (2013) (per curiam) (internal citations omitted). "Because none of [the Supreme Court's] cases confront 'the specific question presented by this case,' the state court's decision could not be 'contrary to' any holding from [the Supreme] Court." *Woods v. Donald*, 135 S. Ct. 1372, 1377 (2015) (quoting *Lopez v. Smith*, 135 S. Ct. 1, 4 (2014) (per curiam)).

V. **Conclusion**

Hall has not shown that the state court's rejection of his claims was "so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103. "[E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. at 102 (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)).

Accordingly, **IT IS ORDERED** that the Petition for Writ of Habeas Corpus [Dkt. No. 1] is **DENIED**.

Yet Petitioner has "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and reasonable jurists could find the Court's assessment of Petitioner's Eighth Amendment claim debatable. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, **IT IS FURTHER ORDERED** that Petitioner is **GRANTED** a certificate of appealability.

Dated: April 19, 2018   /s/Gershwin A. Drain  
　　　　　　　　　　　　　　　　　GERSHWIN A. DRAIN  
　　　　　　　　　　　　　　　　　United States District Judge

11

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
April 19, 2018, by electronic and/or ordinary mail.
<u>/s/ Tanya Bankston</u>
Deputy Clerk